20447

Emma Lee FORE, Appellant, v. Jethroe Austin FORE, Respondent.

(235 S. E. (2d) 430)

Messrs. McCaskill and Horton, of Conway, for Appellant,

*Messrs. Inman and Richardson,* of Conway, *for Respondent,*

June 7, 1977.

LEWIS, Chief Justice:

Appellant and respondent, wife and husband, were divorced pursuant to a decree of the Family Court of Horry County, issued on July 8, 1975, wherein respondent was required to pay alimony to appellant in the sum of $35.00 per month under the following provision:

"Further ordered that the plaintiff, who is the wife of the defendant, shall be entitled to receive any and all social security benefits because of the fact that she is the wife of the disabled defendant, and that the present amount is $35.00 per month; and should said social security benefits not be paid by the Government, then in such event, the defendant shall personally pay the plaintiff the sum of $35.00 per month . . ., it being understood that the court does not reserve jurisdiction to modify, amend or increase the said $35.00 per month support payments by the defendant to the plaintiff and that the only liability on the part of the defendant to the plaintiff will be the payment of $35.00 per month either from the Social Security Administration or from the defendant personally."

Respondent failed to make the payments to appellant as required under the foregoing provisions of the divorce decree, and a Rule was issued requiring respondent to show

cause why he should not be held in contempt for his failure to do so.

The respondent, by way of return to the Rule, pled, as justification for his failure to pay as ordered, an alleged general release and changed circumstances.

The Family Court refused to adjudge respondent in contempt for his admitted failure to make the payments to appellant, and based such refusal solely on the court's volunteered "interpretation" of its previous divorce decree to the effect that respondent "should not be required to pay petitioner (appellant) thirty-five and no/100 dollars ($35.00) per month support unless the petitioner was receiving thirty-five and 30/100 dollars ($35.00) per month Social Security benefits at the time the divorce decree was granted by virtue of being the wife of a disabled person and, further that if the respondent now receives those monies formerly received by the petitioner when they were married, he should pay them to the petitioner." The order then required respondent to furnish information with reference to his Social Security benefits.

The lower court, therefore, interpreted the above quoted provisions of its previous divorce decree as requiring respondent to make the monthly payments of $35.00 only if he is receiving such amount as Social Security payments for appellant's benefit.

Appellant argues in this appeal that the lower court misinterpreted the quoted provision of its previous divorce decree. We agree.

The divorce decree clearly and plainly imposed personal liability on respondent to make the monthly payments of $35.00. There was no ambiguity and, therefore, nothing to interpret. The court was required to enforce its previous decree according to its plain terms. Apparently respondent did not have the same difficulty as the lower court in understanding the terms of the decree for he admits, unqualifiedly,

in his return that "said order provided that the defendant was to pay thirty-five and no/100 ($35.00) dollars per month support to the petitioner (appellant)."

There is no contention that the lower court, in its alleged *interpretation* of its previous decree, was attempting to remedy a mistake therein or was, in fact, asked to do so. There was simply no ambiguity to interpret in the previous decree nor any issue before the court as to its modification.

The lower court was in error in failing to determine the issues in accord with the plain terms of its previous decree, which require respondent to pay to appellant the sum of $35.00 per month.

The order under appeal is accordingly reversed and the cause remanded to the lower court for further proceedings consistent herewith.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.